IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                Case No. 1:22-cr-01579-MLG

COLE RAY SHORTY,
KEON APACHITO,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART, DENYING IN PART, AND RESERVING RULING IN PART THE UNITED STATES' OMNIBUS MOTION IN LIMINE**

This matter is before the Court on the United States' Omnibus Motion in Limine to Exclude Defense Arguments and Evidence, filed December 28, 2023. Doc. 90. Keon Apachito filed a response in opposition, on January 5, 2024. Doc. 99. The Court held a hearing on May 17, 2024. Docs. 150, 159. Having reviewed the parties' submissions and the applicable law, the Court grants in part, denies in part, and reserves ruling in part the Government's Omnibus Motion in Limine.

**DISCUSSION**

I.     **Government's Omnibus Motion to Exclude Various Defense Arguments and Evidence**

The Government filed an Omnibus Motion in Limine, seeking exclusion of arguments or evidence pursuant to Rules 401, 402, 403. Doc. 90 at 2.

Evidence sought to be admitted at trial must be relevant. That is, evidence which tends to "make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401; *see Old Chief v. United States*, 519 U.S. 172, 178 (1997). "To be relevant, evidence need only tend to prove the government's case,

1

and evidence that adds context and dimension to the government's proof of the charges can have that tendency. Relevant evidence is not confined to that which directly establishes an element of the crime." *United States v. Riego*, No. 21-696, 2022 U.S. Dist. LEXIS 165986, at *3 (D.N.M. Sept. 13, 2022) (quoting *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997)). The Court has broad discretion to determine whether evidence is relevant—and to exclude irrelevant evidence. *Ryan v. Dep't of the Air Force*, 511 F. App'x 687, 692 (10th Cir. 2013).

Rule 403 provides the Court with general authority to exclude evidence if its probative value is "substantially outweighed" by its unfairly prejudicial effect. Fed. R. Evid. 403. Unfair prejudice is not simply evidence that damages one side's case. *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008). Rather, it is the tendency for evidence to "make[] a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged." *United States v. Otuonye*, 995 F.3d 1191, 1207 (10th Cir. 2021) (quotation omitted). These rules illuminate the ensuing discussion.

The Government's Omnibus Motion in Limine, Doc. 90, contains seven requests for rulings prohibiting Defense arguments or evidence. Four specific arguments or evidence the Government seeks to exclude appear to be unopposed by Apachito or, as he points out, the requests simply ask for compliance with the Federal Rules of Evidence or Federal Rules of Criminal Procedure. Doc. 99 at ¶¶ II.A, C, E, F; *see infra* I.A-B. Three specific arguments or evidence the Government seeks to exclude appear to be opposed by Apachito. *See infra* I.C. The Court first addresses the unopposed requests and the requests that seek compliance with settled rules. Then, the Court proceeds to the opposed requests.

A. **Unopposed exclusion of possible-penalties evidence**

The Government seeks to prohibit Apachito from offering evidence of or mentioning his potential punishment or sentencing. Doc. 90 at 2-4. Apachito does not appear to oppose, stating his counsel does "not intend to present any evidence about [his] sentences or otherwise discuss or mention them to the jury." Doc. 99 at 1.

The Court agrees, as it is well settled it is "the jury's role [] to determine guilt or innocence, not to engage in sentencing." *United States v. Clay*, No. 22-1841, 2023 U.S. Dist. LEXIS 73771, at *7 (D.N.M. Apr. 25, 2023) (citing *United States v. Greer*, 620 F.2d 1383, 1384-85 (10th Cir. 1980)). The Court grants the Government's motion to exclude such evidence or argument.

B. **Hearsay statements, offers to stipulate, and plea negotiations**

The Government asks the Court for a pretrial ruling to exclude hearsay statements, offers to stipulate, and plea negotiations. Doc. 90 at 6, 9-10. Apachito does not appear to oppose these parts of the motion because they are already covered by the Federal Rules of Evidence and the Federal Rules of Criminal Procedure. *See* Doc. 99 at 4, 6.

The Court acknowledges that these Government requests are firmly rooted in both the Rules of Evidence and the Rules of Criminal Procedure. Given the lack of specificity, such motions to exclude are premature. The Court expects all parties to follow the rules of evidence, settled precedent, and this Court's rulings.

As discussed below, the Court denies without prejudice, as unripe, the requests to categorically exclude these categories of argument or evidence. The Court reserves ruling as to specific issues that may arise during trial. The parties can (and should) raise specific objections that fall within these categories at trial.

1.     **Hearsay statements**

The Government's motion contains no specific hearsay statements. Rather, the Government requests the Court "exclude any out-of-court statement, offered for the truth of the matter asserted, without a valid hearsay exception." Doc. 90 at 6. The Government is asking the Court to make a broad ruling on nonspecific hearsay statements. This part of the Government's motion is denied without prejudice. Counsel may object throughout trial as necessary and appropriate.

2.     **Offers to stipulate**

The Government next seeks to preclude Apachito and his counsel from "introducing any evidence, making any statement, or asking any questions regarding the Defendant[] volunteering, offering, or in any manner agreeing to stipulate to certain facts unless some agreement between all parties with approval of the Court has been arranged concerning a stipulation." Doc. 90 at 9; *see United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008). Such rulings excluding the admission of offers to stipulate are common. *See, e.g.*, *United States v. Todacheene*, No. 20-1325, 2021 U.S. Dist. LEXIS 87873 (D.N.M. May 6, 2021); *United States v. Carmona*, No. 18-10064, 2019 U.S. Dist. LEXIS 16031 (D. Kan. Jan. 31, 2019). But here, the Government's motion contains no specifics and instead acknowledges the issue "may be moot." Doc. 90 at 9. And as Apachito points out, no offers to stipulate have been made. Doc. 99 at 6.

The Court denies the Government's motion to exclude references to offers to stipulate without prejudice at this time. The Government may renew the request if a specific issue arises at trial.

3. **Plea negotiations**

The Government requests the Court to preclude Apachito and his counsel from "introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may or may not have taken place." Doc. 90 at 10.

Both the Federal Rules of Evidence and Rules of Criminal Procedure bar the admissibility of plea negotiations. Fed R. Evid. 401-403; Fed. R. Crim. P. 11(f); *see United States v. Pena*, No. 20-1903, 2022 U.S. Dist. LEXIS 67219, at *3 (D.N.M. Apr. 12, 2022). Therefore, there is no need for the Court to exclude evidence or arguments that Apachito cannot legitimately raise. The Court denies without prejudice this portion of the Government's motion.

C. **Opposed motion to exclude good conduct, quality of law enforcement investigation, and information known only to Apachito**

1. **Good conduct or absence of criminal conduct**

The Government asks the Court for an order excluding Apachito's "specific instances of good conduct or absence of criminal conduct on other occasions" because such evidence is not evidence of guilt of the charged offense. Doc. 90 at 4. The Government asserts that evidence of not engaging in criminal conduct would be impermissible character evidence under Rule 404. Doc. 90 at 5.

Apachito appears to oppose this broad request because it simply seeks conformity with the Federal Rules of Evidence. Doc. 99 at 2. He argues that the "Court should reserve ruling regarding Defendants' non-criminal activities because the Motion does not identify any specific evidence and some evidence on this may be relevant at trial depending on the government's presentation of evidence." Doc. 99 at 2. Apachito further states that he has "no intent to introduce inadmissible evidence of Defendants' everyday lives to show they are good people, or specific instances of

5

conduct where they did not violate the law." Doc. 99 at 2. Apachito qualifies this, though, by mentioning that there could be some instances where evidence may be introduced pursuant to Rule 404, as permitted by Rule 405. And since the Government does not target any specific evidence, the Court should defer ruling until the issue is ripe. Doc. 99 at 2-3.

   The Court denies the Government's request without prejudice as unripe because it asks the Court to broadly rule on unspecified matters which are already covered by the Rules and Tenth Circuit precedent. As both parties agree, evidence of good conduct or absence of criminal conduct is irrelevant and inadmissible under Rules 401 and 404. *See United States v. Jianyu Huang*, 2014 U.S. Dist. LEXIS 204913, at *2-8 (D.N.M. June 26, 2014). The Court expects the parties to follow the rules regarding character evidence. If a specific issue arises, the Government may renew its motion.

**2. Quality of law enforcement investigation**

   Relying on *United States v. McVeigh*, 153 F.3d 1166 (10th Cir. 1998), Rules 401 and 403, the Government seeks exclusion of evidence of the quality of law enforcement investigations. Doc. 90 at 7-9. Apachito opposes, contending that *McVeigh* is not so broad, and that "the defense can also examine shoddy police work where it calls into question Defendants' innocence, undermines the credibility of government witnesses, or otherwise undermines the government's case." Doc. 99 at 5.

   The quality of a law enforcement investigation may "occasionally" affect the reliability of evidence at trial. *McVeigh*, 153 F.3d at 1192 ("[T]he quality or bias of a criminal investigation occasionally may affect the reliability of particular evidence in a trial, and hence, the facts surrounding the government's investigation may become relevant."). So, facts surrounding an investigation "may become relevant *only* when they would affect the reliability" of particular

6

evidence." *United States v. Charley*, 2020 U.S. Dist. LEXIS 49093, at *31-32 (D.N.M. Mar. 20, 2020) (quoting *McVeigh*, 153 F.3d at 1192) (emphasis added). Without a showing that "a particular piece of evidence, the quality of the government's witnesses, or the weight to be given [to] evidence produced by the investigation" are not reliable—such evidence is irrelevant. *United States v. Romero*, 2023 U.S. Dist. LEXIS 38586, at *6 (D.N.M. Mar. 8, 2023).

Even though there are times where the quality of an investigation may become relevant, such evidence could also easily "cross the line into irrelevant evidence that could divert the jury's focus away from the trial issues." *Id.* Because neither party has identified particular evidence at this time, the Court will not now make a broad ruling admitting or prohibiting evidence concerning the quality of investigations. As such, the Court reserves ruling.

This ruling does not prevent the parties from making objections at trial to specific questions or evidence pertaining to the quality of the investigation; nor does it prevent Apachito from showing that government witnesses' accounts of events were inconsistent.

3.   **Information known only to Apachito**

The final request in the Government's Omnibus Motion is to "preclude Defendant and his counsel from introducing any evidence, making any statement, or asking any questions regarding any information or facts which could only otherwise come to the jury's attention through the sworn testimony of Defendant, unless Defendant will, in fact, testify," as it is inadmissible hearsay. Doc. 90 at 10. Apachito strongly opposes, claiming it would violate his right to remain silent under the Fifth Amendment. Doc. 99 at 6-8.

The Court disagrees with Apachito's strong admonitions that the Government is aiming to compel him to testify and abridge his right to remain silent. Rather, the Court understands the Government to be concerned with inadmissible hearsay by a defense witness. The Court will, of

7

course, apply the rules of evidence at trial. Nevertheless, "[i]n opening statements, counsel may reference and summarize the evidence that counsel, in good faith, believes will be presented at trial, including information to which a client may testify." *United States v. Clay*, No. 22-1841, 2023 U.S. Dist. LEXIS 73771, at *4 (D.N.M. Apr. 25, 2023).

Because the Government's request, however, is non-specific and seems to simply request compliance with the hearsay rules, the Court denies this request without prejudice as unripe. The Court can take up specific objections made at trial.

## CONCLUSION

In sum, the United States' Omnibus Motion in Limine to Exclude Defense Arguments and Evidence is granted in part, denied in part, and the Court reserves ruling in part. Doc. 90.

The Court finds and concludes that arguments and evidence concerning possible-penalties evidence will be excluded. The Court also finds the Government's generalized motion to exclude hearsay statements, offers to stipulate, plea negotiations, good conduct or absence of criminal conduct, and information known only to Apachito are denied without prejudice as unripe. The Court reserves ruling on the motion to exclude arguments and evidence on the quality of the law enforcement investigations.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA